UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** )<br>)<br>v.   )   No. 98 CR 561-8<br>)<br>**CALVIN TRENNELL** )   Judge Rebecca R. Pallmeyer | |

## MEMORANDUM OPINION AND ORDER

This court sentenced Calvin Trennell to 360 months for conspiring to possess with intent to distribute cocaine and cocaine base. Trennell has filed a motion to modify his sentence under 18 U.S.C. § 3582(c)(2), hoping to take advantage of the Sentencing Commission's revision of the Crack Guidelines, U.S.S.G. Supp. to App. C, Amends. 706, 711 (2007), made retroactive by U.S.S.G. § 1B1.10(c). Trennell's base-offense level of 38 was computed based on a finding that he was responsible for in excess of 1.5 kilograms of crack cocaine. U.S.S.G. § 2D1.1(c)(1) (1998). Trennell argues that his sentence must be reduced; today, a quantity finding between 1.5 and 4.5 kilograms yields a base-offense level of 36. U.S.S.G. § 2D1.1(c)(1) (2009).

The government opposes Trennell's motion, arguing that the evidence presented at trial and considered by the court at sentencing supports a finding that the conspiracy involved more than 4.5 kilograms of crack cocaine. Under the post-amendment Guidelines, that quantity now corresponds to the same base-offense level that applied to Trennell at the time of sentencing: 38. *Id.*; *see also United States v. Forman*, 553 F.3d 585, 590 (7th Cir. 2009) (Amendment 706 "affects only defendants who are responsible for distributing fewer than 4.5 kilograms of crack cocaine."). The evidence that the court credited at Trennell's sentencing hearing was trial testimony by Co-Defendant Palmore that he sold 5 kilograms of crack to Trennell, as well as trial testimony by Co-Defendants Palmore and Allen that, at Trennell's request, Palmore transported 3 to 5 kilograms of cocaine to Allen for conversion into crack. (Sentencing Tr., Nov. 2, 2000, at 12.) Based on that evidence, the court found that Trennell was responsible for more than 1.5 kilograms crack, the only finding it needed to make at that time. (*Id.*, at 14.) After again reviewing the record, including the

sentencing transcript and the PSR, the court now finds that the evidence also supports a drug quantity of more than 4.5 kilograms of crack.

Trennell argues that the court may not rely on the higher quantity because a court is prohibited from making new findings in a § 3582(c)(2) proceeding. Trennell is correct that a § 3582(c)(2) proceeding "is not a do-over of an original sentencing proceeding." *United States v. Tidwell*, 178 F.3d 946, 949 (7th Cir. 1999). But a ruling that the same evidence that supported a quantity finding of more than 1.5 kilograms also supports a quantity finding of more than 4.5 kilograms is not a do-over. *United States v. Hall*, 582 F.3d 816, 818-19 (7th Cir. 2009); *United States v. Woods*, 581 F.3d 531, 538 (7th Cir. 2009). On nearly identical facts, the Seventh Circuit held that "district courts in § 3582(c)(2) proceedings cannot make findings inconsistent with that of the original sentencing court." *Woods*, 581 F.3d at 538. And a quantity greater than 4.5 kilograms is consistent with a quantity greater than 1.5 kilograms. *Id.* Things might be different if the government wanted to present *new* evidence on drug quantity, but the government relies only on evidence already presented to the court, and more importantly, already credited by the court.

Trennell has argued that his presence is required for the court's ruling on this motion, but this objection is overruled. Trennell's reliance on Federal Rule of Criminal Procedure 43 and the Due Process Clause is misplaced. Rule 43 specifically states that a defendant's presence is *not* required for a proceeding under § 3582(c). FED. R. CRIM. P. 43(b)(4). Nor does the due process challenge have merit: the Due Process Clause protects a narrower right to be present than Rule 43. *United States v. Bishawi*, 272 F.3d 458, 462 (7th Cir. 2001); *accord United States v. Parrish*, 427 F.3d 1345, 1348 (11th Cir. 2005).

Finally, the court notes that Trennell has argued that the court should treat the Guidelines as advisory in a § 3582(c) proceeding. That argument is foreclosed by *United States v. Cunningham*, 554 F.3d 703 (7th Cir. 2009), but is preserved should the Supreme Court reach a different conclusion on the issue.

For all these reasons, Trennell's Motion to Reduce Sentence [488] is denied.

ENTER:

Dated: January 26, 2010

_____
REBECCA R. PALLMEYER
United States District Judge